Sucesión Rodriguez et al *v.* Korber et al.

Solicitud para que se dicte un auto de Mandamus.

No. 1.   Resuelto en Junio 25, 1904.

Injunction Preliminar—Apelación.—El injunction preliminar solo puede producir efectos legales mientras se resuelva el injunction definitivo, y si éste fuere desestimado, quedará anulado el provisional decretado, y no puede producir posteriormente efecto alguno, aún cuando se hubiere apelado contra la resolución desestimando el injunction definitivo.

EXPOSICIÓN DEL CASO.

*Resultando* :que por auto de doce de Abril último, el Juez de Distrito de San Juan Don José Tous Soto, á instancia de la sucesión de Don José Rodriguez de las Albas y otros, promoviendo interdicto prohibitorio contra Don Roberto Korber en su carácter de gestor administrador de "Mullenhoff y Korber," para suspender procedimientos que seguía ante el Tribunal de Humacao contra Don Manuel Argueso y su esposa Doña Ernestina Frias, en cobro de pesos, asegurados sobre la hacienda "Ingenio" decretó, prévia presentación de una fianza por la suma de quinientos dollars, entredicho preliminar, expidiendo al efecto un mandamiento en diez y seis de Abril citado, y otro en diez y nueve del mismo mes, complementario del anterior, para que el Marshal de la expresada Corte notificara á Don Enrique Roberto Guillermo Korber, en el cáracter expresado, la orden de que hasta tanto se resolviera acerca de la procedencia del interdicto pedido, se

abstuviera de hacer gestión alguna para el curso de las ejecuciones pendientes ante el referido Tribunal de Humacao, una de ellas para el cobro de un crédito hipotecario por valor de ochenta y tres mil dollars, constituido sobre la hacienda "Ingenio" por la escritura número ochenta y dos de diez de Mayo de mil novecientos dos, otorgada ante el Notario Diaz Navarro, y la otra para el cobro también de crédito hipotecario sobre la misma, hacienda "Ingenio" por valor de cinco mil cien dollars, crédito cedido en escritura de diez de Agosto de mil novecientos dos, por los Sres. Fritze Lundt y Ca., á los Señores Mullenhoff y Korber.

*Resultando*: que después de oidas ambas partes, en acto que tuvo lugar en veinte del repetido Abril, el mismo Juez Tous Soto, por auto de dos de Mayo siguiente, desestimó la petición de un interdicto prohibitorio preliminar y dejó sin efecto el entredicho puesto á los demandados, á los que se haría saber personalmente, con las costas á los peticionarios.

*Resultando*: que contra este auto interpuso la representación de los peticionarios recurso de apelación que fué admitido libremente y en ambos efectos, sin reserva ó limitación alguna.

*Resultando*: que la representación de la sucesión de Don José Rodriguez y otros ha acudido á esta Corte Suprema, con escrito de veinte y tres de Mayo último, solicitando se expida un auto de Mandamus perentorio al Tribunal de Distrito de Humacao y á Don Roberto E. Korber, al primero para que se suspenda y mantenga en el estado en que se encuentran las actuaciones del juicio ejecutivo y remate de la hacienda "Ingenio" que siguen los Señores Mullenhoff y Korber contra Don Manuel Argueso en cobro de un crédito hipotecario de cinco mil cien dollars é intereses, procedente de una escritura de cesión de préstamo hipotecario otorgada por los Sres. Fritze Lundt y Ca., á favor de los ejecutantes ante el Notario Don Herminio Diaz Navarro en diez de Mayo de mil novecientos dos, y al segundo en su carácter de gestor de Mullenhoff y

Korber, para que se abstenga de continuar instando el remate de la hacienda "Ingenio" en dicho juicio ejecutivo, alegando en apoyo de su pretensión el texto del artículo 387 de la Ley de Enjuiciamiento Civil.

*Resultando*: que la representación de Don Enrique Guillermo Korber, como gerente de la mercantil "Mullenhoff y Korber," se opuso al auto de Mandamus solicitado, alegando entre otras cosas que el injunction no se había decretado con referencia á la ejecución seguida en virtud de escritura de diez de Mayo de mil novecientos dos, sino con referencia á la ejecución fundada en la escritura de diez de Agosto de mil novecientos dos, pero aún en el supuesto de que el entredicho se hubiera decretado con referencia á la ejecución seguida en virtud de la escritura de diez de Mayo de mil novecientos dos, ese entredicho, al denegarse en la providencia de dos de Mayo último el injunction preliminar, fué expresamente levantado, y la apelación admitida en ambos efectos, contra dicha providencia, no puede suspender lo mandado en ella, en cuanto al levantamiento del entredicho.

*Resultando*: que oidas ambas partes en el acto verbal alegaron cuanto estimaron conducente á la defensa de sus pretensiones.

Abogado de los demandantes: *Sr. Guzmán Benitez (José)*.

Abogado de los demandados: *Sr. Diaz Navarro*.

### Opinión del Tribunal.

*Considerando*: que el entredicho decretado por auto de 12 de Abril último, era provisional y sólo podía producir efectos legales mientras se resolviera sobre el injunction solicitado; por lo que, habiendo recaido resolución en dos de Mayo de sestimándolo, y dejando sin efecto el entredicho anteriormente ordenado, es obvio que ya no puede tener eficacia legal ese entredicho, por más que se haya interpuesto y admitido apelación contra la expresada resolución de dos de Mayo.

*Se declara*: no haber lugar al auto de Mandamus solicitado con las costas al peticionario.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.